SAMUEL HOUSTON

*v.*

MARY J. HOUSTON et al.

A decedent left no property, except a lot with an unfinished house thereon, which his widow occupied for about three months after his death, and then leased, and received the rent. In a suit by the children for partition thereof—*Held*, that she was entitled to re-imbursement of moneys paid by her for taxes thereon, and also for repairs of damage to the house by a tempest, but not for the premiums on insurance policies taken in her own name, and that she must account for the rents.

Bill for partition. On final hearing on pleadings and proofs.

*Mr. Warne Smyth*, for complainant.

*Mr. J. S. Mabon*, for the widow.

THE CHANCELLOR.

This is a suit for partition of premises (two building lots in West Hoboken) of which Thomas Houston died seized in 1871. On the property at his death, there was an unfinished dwelling-house. The first floor was only partly finished, and the other not at all. The widow of Mr. Houston, by her answer by way

of cross-bill, claims re-imbursement for principal and interest paid by her since her husband's death, upon a mortgage which was upon the property in his lifetime, and for taxes and insurance premiums paid, and repairs done by her upon the premises since his decease. Her dower has never been assigned to her. It would seem that her husband left no other property. It appears, by the evidence, that she stayed in the house for about three months immediately succeeding his decease, and then left it, and that since that time she has received but $10 for rent. The premises have always been untenantable, by reason of their unfinished condition. She does not appear to have assumed to hold possession as widow. She left the property because it was untenantable. The persons whom she put in, were put in as caretakers rather than as tenants. They were persons of whom but little, if any, rent could be got. The injury (by tempest) which rendered the repairs necessary, did not take place until 1880, nearly nine years after the death of her husband. She is, under the circumstances, entitled to be repaid the principal and interest paid by her upon the mortgage, and also the money paid for taxes and repairs. The repairs were to the roof and chimney. The former was blown off, and the latter blown down, and she put on a new roof, and rebuilt the chimney. She is not entitled to allowance for the lath which she furnished towards finishing the building. They were not used for the purpose, nor in the building at all. Nor is she entitled to allowance for the insurance premiums. The policies were taken out in her own name. She must account for the rent actually received. What she did in reference to the property, was evidently done for the purpose of taking care of it for herself and the children, and she ought not to be dealt with as a widow holding possession of the property until her dower should have been assigned, but as a person who, being interested in the property, has taken care of it for the benefit of all.